(77 South. 645)

No. 22698.

In re FEMALE ORPHAN ASS'N OF BATON ROUGE.

FEMALE ORPHAN ASS'N OF BATON ROUGE v. CHAMBERLIN.

(Jan. 28, 1918.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR ☞835(2)—REHEARING—SCOPE.

Where in an action involving a question of encroachment the Court of Appeal set aside a judgment for plaintiff largely, if not entirely, because of the absence of any mention of frontage in plaintiff's title deed, and on application for a rehearing plaintiff produced a corrected copy of the deed showing that it did mention frontage and made a proper showing that he had every reason to assume that the copy in evidence was a true copy of the deed, the court erred in holding that it was too late to determine the correctness of this contention.

Action by the Female Orphan Association of Baton Rouge against Dr. W. B. Chamberlin. A judgment for plaintiff was reversed by the Court of Appeal, and plaintiff applies for a writ of certiorari or review. Judgment of the Court of Appeal set aside, and case remanded.

Taylor & Porter, of Baton Rouge, for applicant. T. Jones Cross and C. A. Holcombe, both of Baton Rouge, for respondent.

PROVOSTY, J. The lots of plaintiff and defendant in the city of Baton Rouge adjoin; and the question is whether defendant does not encroach on plaintiff. The trial court so found; the Court of Appeal, the contrary, basing its judgment largely, if not entirely, upon the absence of any mention of frontage in plaintiff's title deed. On application for a rehearing, plaintiff claimed that the title deed does mention the frontage, but that by accident the clause making such mention was left out of the copy filed in evidence; and plaintiff produced a corrected copy, and made proper showing of having had every reason to assume that the copy in evidence was a true copy. The court thought that, after judgment, though within the delay for rehearing, the situation could not be mended. We think otherwise. Gay v. Hebert, 44 La. Ann. 301, 10 South. 775; 4 C. J. 497.

The judgment of the Court of Appeal is set aside, and the case is remanded to the district court to afford to the parties an opportunity of testing the correctness of plaintiff's said contention on rehearing. The defendant to pay the costs of the present application to the Supreme Court.

LECHE, J., recused.